COÖS.

RUSS v. HOBBS.

Mere payment of the amount of interest due on a note by a second note for that amount, signed by the debtor and another person, is not a good consideration for the holder's promise to extend the time of the first note : and by such a promise, made in consideration of such payment, an endorser of the first note is not discharged.

ASSUMPSIT, against W. J. Hobbs, on notes dated May 31, 1875, signed by W. F. Hobbs, and payable to the defendant, who sold and endorsed them, September 24, 1877, to A. T. & O. F. Barron, who sold and endorsed them, November 26, 1877, to the plaintiff. Facts agreed. Payment of interest to October 1, 1877, was endorsed on the notes by the Barrons, who gave the maker the following agreement :

"Carroll, N. H., Oct. 1, 1877.

"In consideration of receiving a note for $550, signed by W. F. Hobbs and Mark P. Rosebrook, in payment of the interest due on seven notes of $500 each, signed by said W. F. Hobbs, I agree not to call on said Hobbs for payment of any principal or interest on said seven notes until the fall of 1878.

A. T. & O. F. Barron."

*Bingham, Mitchell & Batchellor*, for the plaintiff. The note of W. F. Hobbs and Rosebrook was taken "in payment of the interest due on seven notes." It was a mere discharge of a subsisting legal liability, and the delay stipulated in the agreement was gratuitous. A consideration was necessary to make the agreement valid. Edw. Bills 534; Sto. Pr. Notes, s. 415; *Philpot* v. *Briant*, 4 Bing. 717; *M'Lemore* v. *Powell*, 12 Wheat. 554; *Jennings* v. *Chase*, 10 Allen 526; *Oxford Bank* v. *Lewis*, 8 Pick. 458; *Blackstone Bank* v. *Hill*, 10 Pick. 129; *Greely* v. *Dow*, 2 Met. 176; *Gifford* v. *Allen*, 3 Met. 255; *Abbott* v. *Tucker*, 4 Allen 72; *Potter* v. *Green*, 6 Allen 442; *Reynolds* v. *Ward*, 5 Wend. 501; *Gahn* v. *Niemcewicz*, 11 Wend. 312; *Kellogg* v. *Olmsted*, 25 N. Y. 189; *Parmelee* v. *Thompson*, 45 N. Y. 58; *Ives* v. *Bosley*, 35 Md. 262; *Hoffman* v. *Coombs*, 9 Gill 284; *Gibson* v. *Renne*, 19 Wend. 389; *Grafton Bank* v. *Woodward*, 5 N. H. 99; *Wheat* v. *Kendall*, 6 N. H. 504; *Bailey* v. *Adams*, 10 N. H. 162; *McCann* v. *Dennett*, 13 N. H. 531; *Mathewson* v. *Bank*, 45 N. H. 104. The debtor's payment of the interest that was due was not a good consideration for the creditor's promise to extend the time of payment of the remainder of the debt. Chit. Cont. 51; Edw. Bills 566, 570; *Bailey* v. *Adams*, 10 N. H.

162; *McCann* v. *Dennett*, 13 N. H. 531; *Mathewson* v. *Bank*, 45
N. H. 104; *Watson* v. *Elliott*, 57 N. H..511; *Reynolds* v. *Ward*, 5
Wend. 502; *Gibson* v. *Renne*, 19 Wend. 389; *Kellogg* v. *Olmsted*,
25 N. Y. 189; *Parmelee* v. *Thompson*, 45 N. Y. 58; *Jennings* v.
*Chase*, 10 Allen 526; *Callagan* v. *Hallett*, 1 Cai. 104; *Pabodie* v.
*King*, 12 Johns. 426.

*W. N. Armington* and *Ladd & Fletcher*, for the defendant.    There
would be a good consideration for the Barrons' agreement to wait,
if they thereby got a good note, signed by W. F. Hobbs and Mark
P. Rosebrook, for a sum of money of as large amount as the inter-
est on all the notes up to the time when the agreement was made,
provided that the real estate by which the notes were secured was
insufficient to pay the notes and interest; and we desire to go to
the jury on this question, if the court are of the opinion that other-
wise there is no consideration for the agreement.    A promise by a
creditor to his insolvent debtor to discharge the debt if he will
procure security for a part, is binding if the security is given.    *Col-
burn* v. *Gould*, 1 N. H. 279.    A New York case is the only one
cited by the plaintiff that goes so far as to hold that a note signed
by the principal and a third person is not a sufficient considera-
tion.    That case assumes that the note taken in payment of the
sum due cannot be of more value than the money itself.    We do
not think this is necessarily true.    Suppose, for instance, the Bar-
rons did not want the money, but preferred that the principal keep
it if he could sufficiently secure it.    In many cases, parties having
money due them would prefer that it be properly secured rather
than paid.    The validity of a consideration depends on its quality
and not on its quantity.    It is sufficient consideration for a new
contract that a less sum is paid before the day of payment, or at a
different place, or in specific articles.    *Mathewson* v. *Bank*, 45 N.
H. 104, 107.    The agreement was in fact founded upon a consid-
eration of additional security for the debt, and comes within the
principle held in *Colburn* v. *Gould*.

DOE, C. J.    The promise to extend the time of payment appears
to be void for want of consideration.    The statement of the writ-
ten agreement is, that the consideration was the new note, received
in payment of the interest due.    The case does not show the fact,
and there is no legal presumption that the new note for the amount
of interest due was given or received as anything but payment, or
was more valuable as an investment than the same amount of cash,
or that for any reason it was more effective as a consideration than
payment of the same amount of money.

*Case discharged.*

STANLEY, J., did not sit: the others concurred.